**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1007

TRACEY BERNARD GILYARD; TIFFANY ADAMS,

        Plaintiffs - Appellants,

    v.

RANDY BENSON, Individually; RICHLAND COUNTY SHERIFF'S
DEPARTMENT; E. SHAW, Individually,

        Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Cameron McGowan Currie, Senior
District Judge. (3:12-cv-01336-CMC)

Submitted: September 17, 2014    Decided: September 29, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas Jefferson Goodwyn, Jr., GOODWYN LAW FIRM, LLC, Columbia,
South Carolina, for Appellants. Andrew F. Lindemann, Robert D.
Garfield, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Bernard Gilyard and Tiffany Adams appeal from the district court's orders granting summary judgment in favor of Defendants and denying their motion to alter or amend judgment in their civil action under 42 U.S.C. § 1983 (2012) and South Carolina law. Appellants argue on appeal that the district court erred in granting summary judgment to Defendants on Gilyard's claim under § 1983 against Defendant Shaw for excessive force and his claim under state law for battery. We affirm.

We review de novo the district court's award of summary judgment and view the facts in the light most favorable to the non-moving party. Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir.), cert. denied, 134 S. Ct. 422 (2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of seizures effectuated by excessive force." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (internal quotation marks omitted). Whether an officer has used excessive force during an arrest is analyzed under a standard of objective reasonableness. Graham v. Connor,

490 U.S. 386, 388, 395-96, 399 (1989). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. Determining whether the force used was reasonable requires the weighing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (internal quotation marks omitted).

Factors to be considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [wa]s actively resisting arrest or attempting to evade arrest by flight." Id. "[T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (internal quotation marks omitted). Additionally, in considering whether an offer used reasonable force, courts are to focus on the moment that the force is employed. Henry, 652 F.3d at 531.

Applying these standards, we conclude after review of the record and the parties' briefs that the district court did not reversibly err in granting summary judgment to Defendants on Gilyard's claim against Shaw for excessive force. Gilyard was

3

belligerent and uncooperative, refusing to comply with Shaw's and Defendant Benson's verbal efforts to arrest him, positioning his body in a posture indicating his willingness to fight, and advancing toward Benson. Accordingly, a degree of force beyond their verbal commands was necessary to effectuate the arrest. We reject as without merit and unsupported by the evidence of record Gilyard's assertion on appeal that Shaw's use of a taser device to effectuate the arrest was unreasonable because Shaw and Benson had other options available to capture or subdue him. We also reject as without merit Gilyard's assertion that Shaw's receipt nearly a year before their encounter of a letter of guidance from the Richland County Sheriff's Department concerning his use of a taser device in a separate incident has any bearing on the constitutionality of the force Shaw employed in this case. Henry, 652 F.3d at 531; see Elliott v. Leavitt, 99 F.3d 640, 643 (4th Cir. 1996) ("Graham requires us to focus on the moment force was used; conduct prior to that moment is not relevant in determining whether an officer used reasonable force.").

We further reject as without merit Gilyard's challenge to the district court's disposition of his claim under state law for battery because the predicate for this challenge—that the district court reversibly erred in granting summary judgment to Defendants on his claim under § 1983 against Shaw for excessive

4

force—is not established.  Finally, we reject as without merit Gilyard's remaining extraneous arguments for overturning the district court's judgment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5